# EXHIBIT 4

Policy Number: 10029.2
FEA Number: 306-112-002b

*Office of the Director*

U.S. Department of Homeland Security
500 12th Street, SW
Washington, D.C. 20536

OCT 24 2011

U.S. Immigration
and Customs
Enforcement

| | |
|---|---|
| MEMORANDUM FOR: | Field Office Directors<br>Special Agents in Charge<br>Chief Counsel |
| FROM: | John Morton<br>Director |
| SUBJECT: | Enforcement Actions at or Focused on Sensitive Locations |

Purpose

This memorandum sets forth Immigration and Customs Enforcement (ICE) policy regarding certain enforcement actions by ICE officers and agents at or focused on sensitive locations. This policy is designed to ensure that these enforcement actions do not occur at nor are focused on sensitive locations such as schools and churches unless (a) exigent circumstances exist, (b) other law enforcement actions have led officers to a sensitive location as described in the *"Exceptions to the General Rule"* section of this policy memorandum, or (c) prior approval is obtained. This policy supersedes all prior agency policy on this subject.[1]

Definitions

The enforcement actions covered by this policy are (1) arrests; (2) interviews; (3) searches; and (4) for purposes of immigration enforcement only, surveillance. Actions not covered by this policy include actions such as obtaining records, documents and similar materials from officials or employees, providing notice to officials or employees, serving subpoenas, engaging in Student and Exchange Visitor Program (SEVP) compliance and certification visits, or participating in official functions or community meetings.

The sensitive locations covered by this policy include, but are not limited to, the following:

---

[1] Memorandum from Julie L. Myers, Assistant Secretary, U.S. Immigration and Customs Enforcement, "Field Guidance on Enforcement Actions or Investigative Activities At or Near Sensitive Community Locations" 10029.1 (July 3, 2008); Memorandum from Marcy M. Forman, Director, Office of Investigations, "Enforcement Actions at Schools" (December 26, 2007); Memorandum from James A. Puleo, Immigration and Naturalization Service (INS) Acting Associate Commissioner, "Enforcement Activities at Schools, Places of Worship, or at funerals or other religious ceremonies" HQ 807-P (May 17, 1993). This policy does not supersede the requirements regarding arrests at sensitive locations put forth in the Violence Against Women Act, see Memorandum from John P. Torres, Director Office of Detention and Removal Operations and Marcy M. Forman, Director, Office of Investigations, "Interim Guidance Relating to Officer Procedure Following Enactment of VAWA 2005 (January 22, 2007).

www.ice.gov

- schools (including pre-schools, primary schools, secondary schools, post-secondary schools up to and including colleges and universities, and other institutions of learning such as vocational or trade schools);
- hospitals;
- churches, synagogues, mosques or other institutions of worship, such as buildings rented for the purpose of religious services;
- the site of a funeral, wedding, or other public religious ceremony; and
- a site during the occurrence of a public demonstration, such as a march, rally or parade.

This is not an exclusive list, and ICE officers and agents shall consult with their supervisors if the location of a planned enforcement operation could reasonably be viewed as being at or near a sensitive location. Supervisors should take extra care when assessing whether a planned enforcement action could reasonably be viewed as causing significant disruption to the normal operations of the sensitive location. ICE employees should also exercise caution. For example, particular care should be exercised with any organization assisting children, pregnant women, victims of crime or abuse, or individuals with significant mental or physical disabilities.

Agency Policy

*General Rule*

Any planned enforcement action at or focused on a sensitive location covered by this policy must have prior approval of one of the following officials: the Assistant Director of Operations, Homeland Security Investigations (HSI); the Executive Associate Director (EAD) of HSI; the Assistant Director for Field Operations, Enforcement and Removal Operations (ERO); or the EAD of ERO. This includes planned enforcement actions at or focused on a sensitive location which is part of a joint case led by another law enforcement agency. ICE will give special consideration to requests for enforcement actions at or near sensitive locations if the only known address of a target is at or near a sensitive location (e.g., a target's only known address is next to a church or across the street from a school).

*Exceptions to the General Rule*

This policy is meant to ensure that ICE officers and agents exercise sound judgment when enforcing federal law at or focused on sensitive locations and make substantial efforts to avoid unnecessarily alarming local communities. <u>The policy is not intended to categorically prohibit lawful enforcement operations when there is an immediate need for enforcement action as outlined below.</u> ICE officers and agents may carry out an enforcement action covered by this policy without prior approval from headquarters when one of the following exigent circumstances exists:

- the enforcement action involves a national security or terrorism matter;
- there is an imminent risk of death, violence, or physical harm to any person or property;

- the enforcement action involves the immediate arrest or pursuit of a dangerous felon, terrorist suspect, or any other individual(s) that present an imminent danger to public safety; or
- there is an imminent risk of destruction of evidence material to an ongoing criminal case.

When proceeding with an enforcement action under these extraordinary circumstances, officers and agents must conduct themselves as discretely as possible, consistent with officer and public safety, and make every effort to limit the time at or focused on the sensitive location.

If, in the course of a planned or unplanned enforcement action that is not initiated at or focused on a sensitive location, ICE officers or agents are subsequently led to or near a sensitive location, barring an exigent need for an enforcement action, as provided above, such officers or agents must conduct themselves in a discrete manner, maintain surveillance if no threat to officer safety exists and immediately consult their supervisor prior to taking other enforcement action(s).

### Dissemination

Each Field Office Director, Special Agent in Charge, and Chief Counsel shall ensure that the employees under his or her supervision receive a copy of this policy and adhere to its provisions.

### Training

Each Field Office Director, Special Agent in Charge, and Chief Counsel shall ensure that the employees under his or her supervision are trained (both online and in-person/classroom) annually on enforcement actions at or focused on sensitive locations.

### No Private Right of Action

Nothing in this memorandum is intended to and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter.

This memorandum provides management guidance to ICE officers exercising discretionary law enforcement functions, and does not affect the statutory authority of ICE officers and agents, nor is it intended to condone violations of federal law at sensitive locations.