UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MENNONITE CHURCH USA et al.,

    *Plaintiffs,*

    *v.*

U.S. DEPARTMENT OF HOMELAND
SECURITY et al.,

    *Defendants.*

Civil Action No. 1:25-cv-00403-DLF

**PLAINTIFFS' NOTICE OF FILING CORRECTED DECLARATIONS**

    Plaintiffs filed the Complaint in this case on February 11, 2025. ECF No. 1. Ten days later, on February 21, Plaintiffs moved this Court for a preliminary injunction. ECF No. 11. That motion was accompanied by a memorandum in support, ECF No. 11-1, and by 66 declarations from Plaintiffs and their members, *see* ECF Nos. 11-4–11-69. With the government's opposition, ECF No. 16, and the Plaintiffs' reply, ECF No. 20, the motion is fully briefed, and the Court has set a preliminary injunction hearing in this case for April 4, 2025.

    In preparing for the April 4 hearing, counsel for Plaintiffs learned that two of the declarations filed in support of the preliminary injunction motion—ECF No. 11-35 (Ex. 32, Doe # 12 declaration) and ECF No. 11-49 (Ex. 36, Dease declaration)—each contain an inaccurate piece of information. Both the declarants and counsel for Plaintiffs were unaware of this error until March 31, 2025, and immediately conducted due diligence to ascertain the accurate information. To correct this error, counsel provide amended declarations, attached hereto, and seeks to strike the assertions in Plaintiffs' preliminary injunction memorandum and reply brief that were based on incorrect information. Counsel are also prepared to file an amended preliminary injunction memorandum and reply brief, should that further assist the Court. The inaccurate information did

1

not inform any of the allegations in Plaintiffs' Complaint; nor does it affect Plaintiffs' standing to bring this challenge or the merits their claims.

The two corrections are as follows:

*First*, Exhibit 32 to Plaintiffs' preliminary injunction motion contains the declaration of Pastor John Doe # 12. ECF No. 11-35. In relevant part, the declaration recounts recent ICE enforcement actions in the area of a Plaintiff's member church and states, "We know ICE has already shown up at our worship services and waited for someone to exit the sanctuary." *Id.* at ¶ 5. Very recently, on the afternoon of March 31, 2025, the declarant learned that this information is incorrect. Although there has been ICE activity near the church in the past, there had not been an enforcement action during worship services in the weeks since the policy rescission. The attached amended declaration removes that inaccurate sentence.

The incorrect information is referenced on pages one and 13 of Plaintiffs' preliminary injunction memorandum. *See* Pls.' Mem. 1 (noting that "immigration agents have already begun exercising this newfound authority to snare worshippers and other visitors at Plaintiffs' places of worship"); *id.* at 13 (describing ICE enforcement action at Plaintiffs' churches and citing Doe #12 Decl. ¶ 5). It is also cited on page three of Plaintiffs' reply brief. *See* Pls.' Reply Br. 3 (describing Plaintiffs as the "direct subjects of ICE enforcement actions" and citing Ex. 32). Counsel seek to strike this information from the memorandum and reply brief, as Plaintiffs no longer rely on it in support of their preliminary injunction motion. With this information removed, the assertion that remains is accurate: One Plaintiff has experienced an ICE enforcement action at its church since the policy rescission, as described in Exhibit 46 to the preliminary injunction motion.

*Second,* Exhibit 46 to the motion contains a declaration on behalf of The North Georgia Conference of the United Methodist Church. ECF No. 11-49. That declaration describes that, in the time since the sensitive locations policy rescission, ICE has raided one of the Plaintiff's churches. The declaration adds that ICE "conducted another raid at a church next door to another of our churches." *Id.* at ¶ 7. The declarant has affirmed that an immigration action took place at one of Plaintiff's places of worship, and that a raid occurred next door to another of Plaintiff's

places of worship. However, the declarant recently identified a transcription error that incorrectly suggested the raid occurred at a church; it took place instead at a commercial establishment.

The attached amended declaration removes the inaccurate phrase, correctly asserting instead that ICE has "conducted another raid next door to another of our churches." The incorrect information did not serve as the basis for any allegations in the Complaint or any arguments in support of the preliminary injunction motion. *See* Pls.' Mem. 13 (citing Ex. 46, Dease Decl. ¶ 7, as simply "describing separate enforcement action next door to a church").

April 2, 2025                                                                 Respectfully submitted,

/s/ *Kelsi Corkran*
Kelsi Brown Corkran (Bar No. 501157)
Shelby B. Calambokidis (Bar No. 1684804)
/s/ *Julia Gegenheimer*
Julia Gegenheimer* (NY Bar No. 4949475)
Alexandra Lichtenstein (Bar No. 1724947)
Kate Talmor* (Maryland Bar)
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
   AND PROTECTION
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 661-6728
kbc74@georgetown.edu

*Attorneys for Plaintiffs*

*Admitted pro hac vice. DC Bar application pending, practice pursuant to Rule 49(c)(8), DC Courts, and supervised by DC Bar member.

3