UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MENNONITE CHURCH USA, *et al.*,

    Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,

    Defendants.

Civil Action No. 25-CV-00403-DLF

**CONSENT MOTION TO MODIFY BRIEFING SCHEDULE AND NOTICE**

On April 11, 2025, the Court denied Plaintiffs' motion for preliminary injunction, *see* ECF No. 29. The parties have met and conferred several times since and recently proposed a briefing schedule for further proceedings, which the Court adopted by minute order entered May 14, 2025. According to that minute order, Plaintiffs shall file their renewed motion for preliminary injunction on or before June 2, 2025; Defendants shall oppose that motion on or before June 25, 2025; and Plaintiffs shall reply on or before July 9, 2025.

Plaintiffs now write to notify the Court of an adjustment to their intended next steps and to request a modest adjustment of the existing schedule. Plaintiffs have conferred with counsel for Defendants, and Defendants consent.

Specifically, Plaintiffs do still intend to proffer substantial additional evidence in support of their standing to seek preliminary injunctive relief. Plaintiffs are concerned, however, that if the Court denies their renewed request, that any appeal taken from the denial of Plaintiffs'

renewed preliminary injunction motion may be limited to consideration of the newly submitted evidence, and may not encompass review of the Court's findings in its April 11, 2025 order denying Plaintiffs' preliminary injunction motion on standing grounds. To avoid any unintended jurisdictional consequences that could accrue from expiration of the time to appeal the Court's April 11th order, Plaintiffs soon will file a notice of appeal of this Court's denial of their preliminary-injunction request.

Because that appeal arguably could divest this Court of jurisdiction to decide Plaintiffs' renewed preliminary injunction motion, however, *see Griggs v. Provident Cons. Discount Co.*, 459 U.S. 56, 58-61 (1982), Plaintiffs intend to request an indicative ruling under Federal Rule of Civil Procedure 62.1 on their renewed preliminary injunction motion after noticing their appeal. Issuance of an indicative ruling under Rule 62.1 will promote party and judicial efficiency: If the Court agrees with Plaintiffs that, considering their forthcoming additional evidence in support of standing, it would issue a preliminary injunction if the case were remanded for that purpose, then the D.C. Circuit can remand Plaintiffs' appeal, the need for which would be obviated by issuance of an injunction. But if the Court disagrees that Plaintiffs' new evidence supports their standing, or would deny Plaintiffs' request on other grounds, Plaintiffs will not have lost the ability to appeal the Court's earlier ruling.

Accordingly, Plaintiffs intend to proceed with the previously set briefing schedule but will file their renewed motion for a preliminary injunction alongside a motion for an indicative ruling under Rule 62.1. The only modest adjustment Plaintiffs seek to the prior briefing schedule is that their motion will be filed June 4, 2025, rather than June 2, 2025. Plaintiffs have conferred with Defendants and Defendants consent to this adjustment without other changes to the existing

schedule. Plaintiffs respectfully request that the Court modify their forthcoming deadline from June 2, 2025, to June 4, but otherwise leave the briefing schedule in place.

Dated: May 27, 2025

Respectfully submitted,

/s/ Kate Talmor
Kelsi Brown Corkran (Bar No. 501157)
Shelby B. Calambokidis (Bar No. 1684804)
Julia Gegenheimer* (NY Bar No. 4949475)
Alexandra Lichtenstein (Bar No. 1724947)
Kate Talmor* (Maryland Bar)
INSTITUTE FOR CONSTITUTIONAL ADVOCACY
    AND PROTECTION
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 661-6728

*Attorneys for Plaintiffs*

*\*DC Bar application pending, practice pursuant to Rule 49(c)(8), DC Courts, and supervised by DC Bar member*